# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT KODIAK

EMILY SALTER,                 )

                Plaintiff,      )

vs.                         )

STATE FARM MUTUAL AUTOMOBILE   )

INSURANCE COMPANY,        )

              Defendant.     )

_____ )

**COPY**

Original Received

**JAN - 7 2013**

**Clerk of the Trial Courts at Kodiak**

CASE NO. 3KO-14-___8___ CI

## COMPLAINT

COMES NOW the Plaintiff, Emily Salter, by and through counsel, Johnson & Combs, P.C., and for her Complaint against Defendant, alleges as follows:

1.  At the time of the collision alleged herein, Plaintiff, Emily Salter, was and is a resident of Kodiak, Alaska, within the Third Judicial District.

2.  Upon information and believe, Defendant, State Farm Automobile Insurance Company (hereafter known as State Farm) is a corporate resident of Illinois, doing business in Alaska under Alaska Business License No. 283864, with corporate headquarters at One State Farm Plaza, N-C, Bloomington, Illinois, 61710.

3.  On or about January 15, 2012, a collision occurred between the vehicle driven by Harold Eugene Usry Jr. and the vehicle driven by Plaintiff (hereafter "the collision"). See Exhibit 1, Department of Public Safety Report.

4.  At the time of the collision, Plaintiff was the seat-belted driver of a 2006 Ford Escape vehicle, traveling on Sheratin Road near the intersection with Rezanof Drive, in Kodiak, Alaska.

5.  At the time of the collision, Plaintiff's vehicle was traveling in her lane of traffic on Sheratin Road.

Complaint
*Salter v. State Farm*, Case No. 3KO-14-___ ___ CI

Page 1 of 5

JOHNSON & COMBS, P.C.

729 N STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164



6. At the time of the collision, Plaintiff's vehicle was following the posted speed limit.

7. At the time of the collision, Harold Usry Jr., was the operator of a 1991 Chevy truck, traveling the opposite direction on Sheratin Road near the intersection with Rezanof Drive, in Kodiak, Alaska.

8. At the time of the collision, Harold Usry was driving his vehicle in the opposing lane of traffic to Plaintiff.

9. On or about January 15, 2012 Harold Usry Jr. lost control of his vehicle and drove his vehicle head-on into the front of Emily Salter's vehicle.

10. At the time of the collision, Harold Usry Jr.'s vehicle collided with the front of Emily Salter's vehicle while Mrs. Salter was traveling in her lane of traffic.

11. The impact from Harold Usry Jr.'s vehicle colliding into the front of Emily Salter's vehicle caused extensive damage and it had to be towed from the scene and was totaled as a result of the damage it sustained in the collision.

12. Emily Salter did not cause the collision.

13. Emily Salter did not act unreasonably in connection with the collision.

14. Emily Salter was not negligent in connection with the collision.

15. Emily Salter was operating her vehicle in a safe and reasonable manner at the time of the collision.

16. Emily Salter was not violating traffic laws or regulations at the time of the collision.

17. Emily Salter was not under the influence of intoxicants at the time of the collision.

Complaint
*Salter v. State Farm*, Case No. 3KO-14-_____ CI

Page 2 of 5

JOHNSON & COMBS, P.C.
729 N STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

JOHNSON & COMBS, P.C.
729 N STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

18.     At the time of the collision on January 15, 2012, Harold Usry Jr. negligently and recklessly operated his vehicle so that he failed to exercise due care, operating his vehicle in a negligent manner and thus causing the collision between his vehicle and the vehicle driven by Emily Salter.

19.     Harold Usry fled from the scene of the collision before police or emergency responders arrived and without ever offering aid to the victim.

20.     As a result of the collision, Harold Usry's vehicle had heavy damage to the front end.

21.     A witness observed Harold Usry flee from the scene of the collision.

22.     When contacted by police the day after the collision, Harold Usry admitted driving the 1991 Chevy at the time of the collision on January 15, 2012.

23.     As a result of his actions that caused the collision, Harold Usry was arrested and later convicted of Leaving an Accident without Assisting the Injured.

24.     Plaintiff was physically injured in the collision caused by the negligence and/or recklessness of Harold Usry on January 15, 2012.

25.     The actions of Usry in causing the collision and then abandoning Plaintiff to her injuries and fleeing the scene without rendering aid or attempting in any way to help Plaintiff, caused emotional trauma and harm to Plaintiff.

26.     Plaintiff incurred medical expenses for treatment of her injuries sustained in the collision.

27.     As a direct and proximate result of the January 15, 2012 collision and the unreasonable and wrongful actions of Harold Usry, Emily Salter was injured and suffered losses and damages, both past and future, including, but not limited to, physical disability, pain and

Complaint
*Salter v. State Farm*, Case No. 3KO-14-____ CI                                    Page 3 of 5

JOHNSON & COMBS, P.C.
729 N STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

suffering, medical expenses, loss of earnings, mental and emotional distress, loss of enjoyment of life, and other damages to be set forth at trial.

## THE STATE FARM POLICY

28.     Plaintiff Emily Salter is a covered insured on the following State Farm policy: Policy No. 48-9248-B28-02B covering a 2006 Ford Escape (the crash vehicle), issued to Gary and Emily Salter.

29.     The Certificate of Coverage for this policy is attached hereto, as provided by State Farm. See Exhibit 2. The Certificate of Coverage shows coverage for the January 15, 2012 collision.

30.     As part of her purchase of State Farm Insurance Policy No. 48-9248-B28-02B, Emily paid for insured motorist coverage that State Farm sold her to pay for her injuries and losses in the event she was in a collision with an at-fault-driver who did not have sufficient insurance to pay for Emily's injuries and losses from the collision.

31.     Mr. Usry was the at-fault-driver in the collision in which Emily Salter was injured on January 15, 2012.

32.     Mr. Usry was uninsured at the time of the collision on January 15, 2012, and therefore had no coverage to pay for all of the injuries and losses sustained by Emily Salter.

33.     Pursuant to the insurance coverage Emily Salter purchased from State Farm, to protect herself from losses caused by an uninsured motorist, State Farm has accepted Emily's claim under her uninsured motorist coverage in regards to the January 15, 2012 collision.

34.     Emily Salter' injuries and losses from the January 15, 2012 collision include but are not limited to the following:

    a.  Economic losses including past and future medical expenses and past and future loss of earnings;

Complaint
*Salter v. State Farm*, Case No. 3KO-14-_____ CI                                    Page 4 of 5

b. Non-economic injuries and losses including pain and suffering, past and future disability, past and future mental and emotional distress and loss of enjoyment of life.

34. All losses are estimated to be within the jurisdiction of the Court, the exact amount to be proven at trial.

35. Emily Salter was not at fault for causing the collision, her injuries, or any of the resulting damages claimed herein or previously.

36. Emily Salter has to the extent required by law, mitigated her damages.

WHEREFORE, Emily Salter prays for relief from State Farm as follows:

1. For a judgment against State Farm for her uninsured motorist damages cognizable under Alaska's statutory scheme and the State Farm Policy under the coverage in effect on January 15, 2012, but only to the extent the policy is consistent with, and not in derogation of the statutory scheme.

2. For total monetary damages in excess of $100,000, the exact amount to be proven at trial;

3. For attorney fees and costs;

4. For such other relief as the court may deem just and equitable.

DATED this 6th day of January, 2014 at Anchorage, Alaska.

JOHNSON & COMBS, P.C.

Douglas G. Johnson, ABA #9511061
Attorney for Plaintiff

Complaint
*Salter v. State Farm*, Case No. 3KO-14-_____ CI

JOHNSON & COMBS, P.C.
729 N STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

Case 3:14-cv-00027-RRB   Document 1-2   Filed 02/18/14   Page 5 of 5